FRANCIS A. CALVERT & another *vs.* HAMILTON MUTUAL INSURANCE COMPANY.

If the by-laws of an insurance company are expressly made a part of the policy, and provide that if subsequent to the making of the application any new fact shall exist, by the change of any fact disclosed in the application, or the erection or alteration of any building, which increases the risk, or which it would have been necessary to state had it existed at the time when the application was made, the policy shall be void unless written notice is given to the directors and their written consent obtained, the insured is bound to the same degree of strictness in disclosing the existence of new facts whether material or not, as in disclosing the facts existing at the time of making the application.

CONTRACT upon a policy of insurance. At the trial in the superior court, before *Rockwell,* J., a verdict was returned for the plaintiffs, and the defendants alleged exceptions. The facts are stated in the opinion.

*W. L. Burt,* for the defendants.

*B. F. Butler,* for the plaintiffs.

HOAR, J. In this case it was shown that a building described in the application, on the southeast corner of the main building, as " one story in height and twenty by twelve feet, and used for wool washing," was removed after the policy issued, without any such consent of the defendants as the policy required, and another building was put up in its place, two stories in height, and twenty by thirty feet, and used for drying wool by means of stoves. The defendants contend that this alteration avoided the policy. The question depends upon the construction to be given to the 14th article of the by-laws of the insurance company, which is in these words, " If, subsequent to the making of the application, any new fact shall exist, either by a change of any fact disclosed in the application, the erection or alteration of any building, the carrying on of any hazardous trade, the deposit of any hazardous goods in or near the property insured, by the assured or others, which increases the risk, or which it would have been necessary to state, had it existed at the time the application was made, the policy thereon shall be void, unless written notice thereof shall be given the directors, their written consent signed by the secretary obtained, and an additional premium and deposit paid."

The provisions and covenants as to the answers in the application to all matters inquired for, were substantially the same as in the case of *Tebbetts* v. *Hamilton Mutual Insurance Company*, (*ante*, p. 305) ; and the rights of the parties respecting them are therefore the same.

The instructions given by the court upon this point were, that " if any additions or alterations have been made by the plaintiffs or others in the property insured, or in the mode of using it, which did not increase or change the risk in any manner, and which would not have been necessary to be stated, in order to a full understanding of the risk at the time of the application, and such alterations or additions in no way affected the risk, such alterations or additions would not avoid the policy."

We are of opinion that these instructions appended to the provision in the by-law a qualification which essentially varied

its meaning. The by-law does not use the phrase, "which it would have been necessary to state, had it existed at the time the application was made," with the limitation, "in order to a full understanding of the risk"; but uses it without any limitation whatever. Whether the alteration increases the risk, or whether it comes within the scope of the questions asked by the company, although not, in the judgment of others, material to that risk, it is to be communicated, or the policy becomes void.

The defendants had the right to reserve to themselves the power to decide upon what statement of facts the contract should be made; and to determine for themselves what facts it was important to them to know. This right they had carefully guarded by other provisions in the policy. They required certain facts to be fully and exactly stated, in answer to specific interrogatories, and without regard to the materiality of the facts, as a condition of the validity of the contract. By language clear and unmistakable and precisely adapted to accomplish their purpose, they extended the same rule to the case of alterations made after the policy had issued. They reserved the right to cancel the policy when it should be considered injurious to the company. They chose to retain the power of exercising their own judgment upon the expediency of terminating the risk, upon a view of facts of the same kind as those which they required to be made known to them before the risk was first assumed. The plaintiffs covenanted that this information should be furnished, or that the policy should become void. The alterations were made; a building of different height and dimensions from that stated in the application was erected; if such a building had existed at the date of the application it would have been necessary to disclose it, in order to answer the interrogatories fully or properly; and the information was not given. The law will not allow the opinion of witnesses, or of the jury, to have the effect of dispensing with the performance of the express terms of a lawful contract. The policy has become void.

If the terms on which the defendants are willing to issue policies are such as are inconsistent with the reasonable security of the insured, the remedy must be sought from the legislature.

or the public must resort to companies whose rules afford a better chance of protection. Our whole authority and duty is to interpret and enforce the agreements of parties and not to make or change them. .                    *Exceptions sustained.*